UNITED STATES COURT OF INTERNATIONAL TRADE

GEORGETOWN STEEL CO. LLC )
)
Plaintiff, )
)
v. )    Court No. 02-00739
)
UNITED STATES, )
)
Defendant. )

## ORDER

Upon consideration of the Consent Motion For Leave To Intervene As Of Right, and the reasons stated in support therein, it is hereby

**ORDERED** that Saarstahl AG is granted leave to intervene as a defendant-intervenor in the above-captioned matter.

**SO ORDERED**.

Dated:_____, 2002

_____
Judge

ORIGIN

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| GEORGETOWN STEEL CO. LLC | ) ) | |
| Plaintiff, | ) ) ) | Court No. 02-00739 |
| v. | ) ) | |
| UNITED STATES, | ) ) | |
| Defendant. | ) ) ) | |

## CONSENT MOTION FOR LEAVE TO INTERVENE AS OF RIGHT

Pursuant to Rules 7(b) and 24(a) of the Rules of this Court, Saarstahl AG ("Saarstahl") respectfully moves this Court for an Order granting it leave to intervene as of right as a defendant-intervenor in the above-captioned matter. This appeal concerns the United States International Trade Commission's ("the Commission") negligibility determination and termination of the antidumping and CVD investigations of certain carbon and alloy steel wire ("CASWR") from Germany (Investigation Nos. 701-TA-419 (Final) and 731-TA-956 (Final). *See Carbon and Certain Alloy Steel Wire Rod From Brazil, Canada, Germany, Indonesia, Mexico, Moldova, Trinidad and Tobago, and Ukraine*, 67 Fed. Reg. 66662 (Nov. 1, 2002).

Saarstahl is entitled to intervene as of right in the above-captioned action because it was "an interested party who was a party to the proceeding in connection with which the matter arose," because it would be aggrieved by an adverse decision in this action, and because its request for intervention is timely. *See* 28 U.S.C. § 2631(j)(1)(B) ("Any person who would be

adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade may, by leave of court, intervene in such action, except that in a civil action under 516A of the Tariff Act of 1930, only an interested party who was a party to the proceeding in connection with which the matter arose may intervene, and such person may intervene as a matter of right.") *and* 19 U.S.C. § 1677(9)(A) ("interested party" means "a foreign manufacturer, producer, or exporter... of subject merchandise." Saarstahl, the applicant for intervention, is a German producer and exporter of the subject merchandise, was a respondent in the underlying antidumping and CVD investigations of CASWR from Germany, and actively participated in the Commission's investigation that has given rise to this civil action. Thus, Saarstahl is both an "interested party" and "a party to the proceeding in connection with which the matter arose."

Plaintiffs seek a judgment overturning the Commission's negligibility determination as to, and its termination of the antidumping and CVD investigations of, German subject imports. As a German producer and exporter of CASWR, Saarstahl would be adversely affected by a ruling favorable to the Plaintiffs in this action. Therefore, Saarstahl "would be adversely affected or aggrieved" within the meaning of 28 U.S.C. § 2631(j)(1)(B) by an adverse decision in the action now pending in this Court.

Finally, an application to intervene as of right in a matter before this Court is timely if it is filed no later than 30 days after the date of service of the complaint. CIT Rule 24(a). Plaintiffs filed their Summons and Complaint concurrently by mail on November 15, 2002. As such, the present application is timely.

In sum, pursuant to Rule 24(a) of this Court's Rules and 28 U.S.C. 2631(j)(1)(B), Saarstahl has standing to intervene in this action as a matter of right and its motion to do so is timely.

On November 20, 2002, counsel to Saarstahl, obtained consent to this motion from R. Alan Luberda, Esq., counsel to the Plaintiffs, and on November 21, 2002, obtained consent from Karen Driscoll, Esq., counsel to the Defendant.

For the preceding reasons, Saarstahl respectfully requests that this Court grant it leave to intervene as defendant-intervenor in the above-captioned action.

Respectfully submitted,

*Merritt R. Blakeslee*

J. Kevin Horgan
Marc E. Montalbine
Merritt R. Blakeslee
Wakako O. Takatori
DEKIEFFER & HORGAN
729 15TH Street, N.W., Suite 800
Washington, D.C. 20005
(202) 783-6900

Counsels to Proposed Defendant-Intervenor,
Saarstahl AG

Dated: December 3, 2002

# UNITED STATES COURT OF INTERNATIONAL TRADE
## CERTIFICATE OF SERVICE

### Georgetown Steel Company, et al. v. United States
### Court No. 02-00739

I, Wakako O. Takatori, of the law offices of deKieffer & Horgan, hereby certify that on December 3, 2002, copies of the attached documents were served upon the following parties by first-class mail (postage prepaid):

**On Behalf of the United States:**
Karen Veninga Driscoll, Esq.
Office of General Counsel
U.S. International Trade Commission
500 E Street, S.W.
Washington, DC 20436

**On Behalf of Georgetown Steel Company**
**LLC, et al.:**
Paul C. Rosenthal, Esq.
Collier Shannon Scott
3050 K St., NW
Suite 400
Washington, DC 20007-5108

Wakako O. Takatori





RECEIVED & FILED

2002 DEC -5 P 12: 19

IN ACCORDANCE WITH THE PROVISION
OF RULE 5(e). THIS PAPER IS DEEMED
FILED AS OF THE DATE OF MAILING-
TO WIT _____12-3-02_____